

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS
XXXXX XXXXXXXPPERD
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

                                    Opinion No. O-5525
                                    Re: Whether the State Health Officer
                                       can legally employ a physician
                                       as Consultant in a Venereal Dis-
                                       ease Clinic, who at the same time
                                       is drawing a salary from the State
                                       for teaching courses of medicine
                                       in a medical school.

       Your request for our opinion in the hereinabove captioned matter has been received by this department. We quote from your letter as follows:

       "In connection with the Venereal Disease Program that we are now carrying on all over the State of Texas, it has become necessary in many instances to employ local physicians as Consultants for the clinic. In many instances it is impossible to secure personnel to operate these clinics unless these local physicians may be employed. Their position is more or less part time, in that they act only in the advisory and consultant capacity.

       "The question has now been brought to our attention as to whether a physician who is teaching courses of medicine in a medical school and drawing a salary from the State for those services may at the same time receive compensation from this department for acting as Consultant in a Venereal Disease Clinic.

       "Due to present conditions, a number of the venereal disease clinics must be closed and these services denied the public if such is not legal. Because of the shortage of doctors, it is almost impossible to find men that may serve in this consultant capacity that do not have, at the same time, other connections.

       "Therefore, I would appreciate knowing whether I may legally employ a person as Consultant who, at the same time, may be drawing a salary from the State."

Section 33, Article XVI, of the State Constitution, reads, in part, as follows:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. . . ."

The physician mentioned by you holds a position of honor, trust and profit under the laws of this State as a teacher of courses of medicine in a State supported medical school. If said physician were to be employed by the State Health Officer as a Consultant in a Venereal Disease Clinic, he would be holding two positions or a double position, which is expressly prohibited by the terms of the above quoted section.

In Opinion No. O-4433 this department held that the State Comptroller could not pay public school teachers any compensation for teaching courses in the Department of Education of Texas Technological College. The reasons for such conclusion are contained in a copy of that opinion which we are herewith enclosing.

On September 22, 1913, in an opinion addressed to the Board of Regents of the University of Texas, Austin, Texas, this department held that a public officer of this State could not at the same time hold a position as professor in the University of Texas. See Legal Opinions, Attorney General of Texas, 1912-1914, pages 873-882, inclusive.

In view of the foregoing, it is the opinion of this department that the State Health Officer cannot legally employ a physician as Consultant in a Venereal Disease Clinic, who at the same time is drawing a salary from the State for teaching courses of medicine in a medical school.

APPROVED AUG 23, 1943
Gerald C. Mann
Attorney General of Texas

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JCD:db:hep
Enclosure

By   s/ J. C. Davis, Jr.
      J. C. Davis, Jr.
         Assistant

APPROVED
OPINION
COMMITTEE
BY  R.W.F
CHAIRMAN